UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARYANN MILLER,<br><br>                      Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                      Defendant. | Case No. 3:17-cv-05762-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

       Plaintiff Caryann Miller appeals the Administrative Law Judge (ALJ)'s April 11, 2016 decision denying her benefits. Dkt. 4. She bases her appeal on the medical opinion of Patricia Wooden, M.D., which was submitted as new and additional evidence to the Appeals Council. Tr. 1-2. Plaintiff argues that Dr. Wooden's opinion was made part of the administrative record when the Appeals Council considered the opinion in deciding whether to review the ALJ's decision. Further, because the opinion is probative of physical and mental limitations not previously considered by the ALJ, the ALJ's decision is not supported by substantial evidence and this Court should remand this case under sentence four of 42 U.S.C. § 405(g) of the Social Security Act. Alternatively, Plaintiff argues that this case should be remanded under sentence six of § 405(g) for incorporation of Dr. Wooden's opinion into the record. Plaintiff raises no other challenges to the ALJ's denial of her disability benefits.

       Defendant argues that remand is not warranted because Dr. Wooden's opinion did not relate to the period at issue, the opinion was never "exhibited" or "considered," and even if it

REPORT AND RECOMMENDATION - 1

was part of the record, it would not change the outcome of the ALJ's decision. Dkt. 14.

The Court is persuaded that the administrative record includes Dr. Wooden's opinion as the Appeals Council considered the merits of the opinion in denying Plaintiff's request for review. After considering the record as a whole, including Dr. Wooden's opinion, the undersigned concludes that this case should be **reversed and remanded** under sentence four of 42 U.S.C. § 405(g) to allow the ALJ to consider Dr. Wooden's opinion, which is probative of the issue of disability and may change the outcome of this case when considered with the longitudinal treatment record.

## BACKGROUND

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 31, 2013, alleging disability beginning March 1, 2010. Tr. 29. The claims were denied initially on January 30, 2014, and upon reconsideration on July 30, 2014. *Id*. A hearing was held on March 21, 2016 before ALJ Rudolph Murgo. Tr. 73-107.

Utilizing the five step sequential evaluation process,[1] the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 31. At step two, the ALJ found severe impairments of osteoarthritis of left hip status post slipped capital femoral epiphysis; degenerative disc disease; obesity; major depressive disorder; and PTSD. Tr. 32. The ALJ found several non-severe impairments of right wrist tendonitis, left thumb CMC arthritis and overuse syndrome, dental problems, epicondylitis, carpal tunnel syndrome, and a somatoform disorder. *Id*. At step three, the ALJ found none of Plaintiff's impairments, alone or in combination, met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 32-34. The ALJ found Plaintiff had the residual

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

REPORT AND RECOMMENDATION - 2

functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with the following additional limitations:

> The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolding. She should avoid concentrated exposure to extreme cold, vibration, and heights/hazards/ heavy machinery. She can perform detailed tasks and work independently. She can work around a few to no people. She can work in a steady work environment where there is no need to adapt to changes in the work environment.

Tr. 34. At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a payroll data entry clerk. Tr. 44. The ALJ made alternative findings at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff was capable of performing, *i.e.,* mail sorter, price marker, and motel cleaner. Tr. 45.

On June 9, 2016, Plaintiff requested Appeals Council review of the ALJ's decision based in part, on Dr. Wooden's April 11, 2016 report. Tr. 375-377.[2] On July 18, 2017, the Appeals Council denied review because the additional evidence, including Dr. Wooden's report, "does not relate to the period at issue. Therefore, it does not affect the decision about whether [Plaintiff] was disabled beginning on or before April 11, 2016." Tr. 6. Plaintiff was advised to apply again if she wanted the agency to consider if she was disabled after April 11, 2016. *Id.*

On September 25, 2017, the Administrative Appeals Judge denied Plaintiff's request to reopen review, stating in pertinent part:

> With your request for reopening, you re-submitted a document that was previously before the Appeals Council when we denied the request for review. The brief expressly indicates that you believe that the medical report of Patricia Wooden, M.D., dated April 11, 2016, both relates to the period considered by the Administrative Law Judge and would warrant a remand for further evaluation. However, the basis of this view appears to be the indication that the doctor has treated the claimant "on/off since 2006" and a misunderstanding of current evidence rules. First, this statement does not in any manner imply that the limitations were applicable back to this time period. The claimant had a number

---

[2] The substance of Dr. Wooden's opinion (found at Tr. 22-25) is addressed in Section B below.

REPORT AND RECOMMENDATION - 3

> of years of substantial gainful activity and prior unfavorable determination after 2006.
>
> Conversely, the Administrative Law Judge decided the case on April 11, 2016, so the two cases potentially have one day of overlay. Therefore, the Appeals Council could have potentially exhibited the opinion, though being related to the period at issue is not the end of the analysis. With the change in rules, which you received notice of on March 24, 2017, you must also show that it has a "reasonable probability of changing the outcome of the hearing decision." Without meeting that standard, the material will not be considered or, in other words, exhibited (See HALLEX I-3-5-20). Even a basic review of the opinion indicates that the claimant is so limited that she cannot lift any weight and has mental health limitations that would prevent any gainful employment. The limitations indicated are fully inconsistent with the rest of the medical record, the claimant's reports, the claimant's work history, and other opinions of record. Lastly, the record indicates that Dr. Wooden is not a specialist in either mental health or orthopedics, as referrals are noted for both at Exhibit 13F, page 1. As such, the opinion of Dr. Wooden would neither change the outcome and therefore would not be considered in this case.

Tr. 1-2. With this denial, the ALJ's decision became the Commissioner's final decision.

## DISCUSSION

The Social Security Act sets out different standards for the review of an ALJ's decision depending upon whether the claimant is submitting new evidence or alleging an error in the consideration of evidence contained in the administrative record. Sentences four and six of 42 U.S.C. § 405(g) of the Social Security Act set forth "the exclusive methods by which district courts may remand to the [Commissioner]." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." The relevant portion of sentence six of 42 U.S.C. § 405(g) provides that "[t]he court may . . . at any time, order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is

REPORT AND RECOMMENDATION - 4

good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." In a sentence six remand, the court makes no substantive ruling as to the correctness of the Commissioner's decision, but instead retains jurisdiction of the case until a new decision is made that is either fully favorable to the claimant or that permits review under sentence four of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

**A.      Dr. Wooden's Opinion is Part of the Administrative Record**

As previously noted, remands under sentence four of § 405(g) are based exclusively on "the pleadings and transcript of record." When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner," *id*., and the district court reviews that decision for substantial evidence, based on the record as a whole, *see Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The question, then, "is whether the 'whole' record includes ... evidence submitted to the Appeals Council, or just ... evidence that was before the ALJ." *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

The agency's regulations provide that the Appeals Council will review a case if it receives additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision, *and there is a reasonable probability that the additional evidence would change the outcome of the decision*." 20 C.F.R. 404.970(a) (emphasis added). The latter part of this regulation requiring a showing of reasonable probability of change to the outcome was amended while Plaintiff's case was pending before the Appeals Council. Tr. 14-15.

If the claimant submits additional evidence that does not relate to the period on or before the date of the ALJ's hearing decision, the regulations provide that the Appeals Council will "send [the claimant] a notice that explains why it did not accept the additional evidence and advise [the claimant] of [his or her] right to file a new application." 20 C.F.R. 404.970(c).

REPORT AND RECOMMENDATION - 5

Relying upon *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012), Plaintiff argues that the Court must consider Dr. Wooden's opinion in reviewing the ALJ's decision. *Brewes* held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Id.* at 1159–1160; 1162 (citing 20 C.F.R. § 404.970(b)). Defendant argues that *Brewes* does not apply because in that case, the Appeals Council made the evidence at issue part of the administrative record and in this case, the Appeals Council did not "exhibit" or "consider" the evidence – although it "looked at the evidence, discussed the evidence," it concluded that it could not "consider" the evidence because it did not relate to the period on or before the ALJ's decision. Dkt. 14 at 5.

While the Appeals Council's July 18, 2017, denial of review was based on a determination that Dr. Wooden's opinion "does not relate to the period at issue" and therefore, "does not affect the decision about whether [Plaintiff] was disabled beginning on or before April 11, 2016," (Tr. 6), the Appeals Council's September 25, 2017 denial of review was made after reviewing the substance of Dr. Wooden's opinion. Tr. 2-3. In the latter denial of review, the Appeals Council acknowledged that Dr. Wooden's opinion related to the period at issue because of the one day overlap and could have been "exhibited" but went on to explain that with the change in the regulation, Plaintiff also had to show *a reasonable probability that the additional evidence would change the outcome of the decision*. Before concluding that Plaintiff had not made such a showing and that the "material will not be considered or, in other words, exhibited….", the Appeals Council analyzed Dr. Wooden's opinion against other medical

REPORT AND RECOMMENDATION - 6

evidence and reports, including Plaintiff's reports and her work history. It further noted that Dr. Wooden is not a specialist in mental health or orthopedics, as she had recommended referrals for mental health and orthopedic follow-ups. Tr. 3 (citing Ex. 13F at 1; see also 2). In short, the Appeals Council "considered" Dr. Wooden's opinion.

As noted by Defendant, "consider" is a term of art in the context of the Appeals Council's denial of request for review. *See Linden v. Colvin*, No. 3:16–cv–05308–DWC, 2017 WL 275364, at *9 (W.D. Wash. Jan. 20, 2017). When the Appeals Council "looks at" and then rejects new evidence because it concerns a period in time later than the disability application, that evidence does not become part of the administrative record. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b) ("If new material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."); *see also, Underwood v. Colvin*, 2015 WL 5521991, at *4–5 (D. Or. Sept. 10, 2015); *see also Neuhauser v. Colvin,* 2015 WL 5081132, at * 3 (W.D. Wash. August 27, 2015) (when evidence is about a later time and thus would not affect the ALJ's decision, the evidence is not incorporated into the administrative record and should be evaluated under sentence six standards).

Here, the Appeals Council "looked at" and rejected Dr. Wooden's opinion on the grounds it was not related to the relevant time period at issue.  It is unclear what the Appeals Council did when it says it "looked at" Dr. Wooden's opinion.  If the Appeals Council made a determination regarding the opinion's relevance, then the Appeals Council considered its merits, and the opinion it "looked at" is part of the record.  If the Appeals Council "looked" at the opinion without considering its contents then this Court may be required to evaluate Dr. Wooden's

REPORT AND RECOMMENDATION - 7

opinion under sentence six standards and send the matter back to permit the agency to consider Dr. Wooden's opinion in the first instance.

But here, on Plaintiff's request to reopen review, the Appeals Council acknowledged that Dr. Wooden's opinion was related to the period at issue (one day overlap between opinion and ALJ's decision) and went on to analyze the evidence on the merits. That evaluation of Dr. Wooden's opinion, particularly as to its inconsistency with other evidence in the record, illustrates that the Appeals Council "considered" the evidence in denying review. Therefore, the opinion is part of the administrative transcript and is properly before this Court.

**B.    Dr. Wooden's Opinion Undermines the ALJ's Decision**

Dr. Wooden's medical opinion is contained in a fill-in-the-blank form questionnaire prepared and sent to her by Plaintiff's attorney on March 21, 2016.[3] In it, Dr. Wooden indicates that she has treated Plaintiff "off/on since 2006" and that Plaintiff suffers from hip osteoarthritis, PTSD, and tendonitis in her right wrist. Tr. 22. With regard to Plaintiff's ability to perform certain functions without experiencing serious pain and fatigue throughout an eight-hour workday and five-day workweek on an ongoing basis, Dr. Wooden opined that Plaintiff cannot regularly lift or carry any weight and cannot sit, stand, and walk for a combined eight-hours during the workday. In fact, outside of standing and/or walking for one hour and sitting for two hours, Dr. Wooden indicated that Plaintiff should spend the rest of her time reclining or lying down due to her hip pain. Tr. 23. Dr. Wooden further assessed numerous limitations on postural and manipulative activities due to carpel tunnel syndrome (CTS) and tendinopathy. Tr. 23.

---

[3] In her certification at the end of the questionnaire, Dr. Wooden refers to a patient other than the Plaintiff (a Melinda Crater) (*id*. at 25), although it appears this may be a scrivener's error.

In determining Plaintiff's physical functional capacity, the ALJ relied primarily on the opinion of Robert Bernardez-Fu, M.D., a DDS medical consultant who examined Plaintiff in June 2014 and concluded that Plaintiff had the functional capacity for light exertion work with some physical limitations. Tr. 157-59, 171-73. The ALJ gave great weight to this opinion as being consistent with Plaintiff's "treatment records that show she has reduced range of motion, some reduced strength and some reduced sensation in the lower extremities." Tr. 42. In contrast, Dr. Wooden indicates that Plaintiff cannot lift any weight because of hip pain, carpal tunnel syndrome, and neuropathy of the right upper arm (Tr. 23), which is not entirely inconsistent with Plaintiff's testimony that she can only walk across her house and "maybe around a general neighborhood block" before experiencing numbness in her thighs; that she can sit in a chair for 20 to 30 minutes, and would struggle to lift a gallon of milk with her right hand." Tr. 87.

Dr. Wooden also assessed marked limitations in mental functioning, which "has been improving with PTSD treatment a little bit". Tr. 24. She noted that Plaintiff's ability to handle stress was poor in that she would cry and shut down with minimal stress, and that her medical problems limited her ability to be reliable, likely resulting in at least two missed days of work per month. Tr. 24-25. On the other hand, the ALJ's disability determination expressly relied on the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, past work experience and residual functional capacity could perform her prior job as a payroll data entry clerk or alternatively, could be a mail sorter, price marker, or motel cleaner. However, the vocational expert also testified that if a person with Plaintiff's characteristics were to be absent two or more days a month or be off task 20 percent or more of the workweek, she would not be employable and further, would not be employable as a payroll clerk without an accommodation if she required a sit/stand at will option. Tr. 101-104.

REPORT AND RECOMMENDATION - 9

By rule, the Social Security Administration gives more weight to the opinions of treating physicians. If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it will be given "controlling weight." 20 C.F.R. § 404.1527(d)(2). If a treating physician's opinion is not given controlling weight because it is not well-supported or it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given such as the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. *Id*. § 404.1527(d)(2)(i)-(ii).

Dr. Wooden's April 11, 2016 opinion suggests a disabling level of physical and mental impairment that the ALJ did not consider. On its face therefore, the opinion undermines the ALJ's disability determination as it creates a reasonable possibility of a different outcome. However, whether the remainder of the record supports giving the opinion weight, controlling or otherwise, is a fact finding exercise that should be performed in the first instance by the ALJ and not this Court. The opinion of a long-term treating physician is probative evidence that cannot simply be deemed inconsistent with the record in an appellate proceeding, without specific and legitimate reasons as laid out by an ALJ.

**CONCLUSION**

Based on the foregoing, the undersigned recommends that the Commissioner's decision be **REVERSED** and this case be **REMANDED** to allow the ALJ to consider the April 11, 2016 opinion of Dr. Patricia Wooden.

Any objection to this Report and Recommendation or the attached proposed order must

REPORT AND RECOMMENDATION - 10

be filed and served no later than **June 20, 2018**.  If no objections are filed, the Clerk shall note the matter for **June 22, 2018** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed **eight** pages.  The failure to timely object may affect the right to appeal.

DATED this 31st day of May, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 11